UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM J., individually and on behalf of his minor child, J.J., <br><br> Plaintiff, <br><br> VS. <br><br> BLUECROSS BLUESHIELD OF TEXAS, ET AL., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 3:22-CV-1919-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendants Blue Cross and Blue Shield of Texas ("BCBSTX"), Texas Instruments Incorporated ("TI"), and Texas Instruments Incorporated Welfare Benefit Plan's (the "plan") (collectively, the "defendants") joint motion to reconsider or, in the alternative, alter or amend the court's May 23, 2023, memorandum opinion and order pursuant to Federal Rules of Civil Procedure 54(b) and 59(e). *See* Defendants' Joint Motion to Reconsider or, Alternatively, Alter or Amend Order Partially Denying Defendants' Rule 12(b)(6) Motions to Dismiss ("Motion") (docket entry 56). For the reasons stated below, the defendants' motion is **DENIED**.

I. BACKGROUND

The court set forth the background of this case in a recent memorandum opinion and order. *See* Memorandum Opinion and Order of May 24, 2023 ("Memorandum Opinion and Order") (docket entry 52). Below are the facts relevant to the current motion.

This cases arises out of William J.'s, individually and on behalf of his minor child, J.J. (collectively, the "plaintiffs"), and J.J.'s coverage under the plan, which is a welfare benefits plan under 29 U.S.C. § 1001, *et. seq.*, otherwise known as the Employee Retirement Income Security Act of 1975 ("ERISA"). Memorandum Opinion and Order at 2-3. On October 11, 2022, TI and the plan filed their motion to dismiss the plaintiffs' complaint for failure to state a claim for relief. Defendants Texas Instruments Incorporated and TI Welfare Benefits Plan's Motion to Dismiss and Brief in Support (docket entry 46) at 1. The same day, BCBSTX also filed its motion to dismiss the plaintiffs' complaint for failure to state a claim for relief. Defendant Blue Cross and Blue Shield of Texas's Motion to Dismiss Plaintiffs' Complaint and Memorandum in Support (docket entry 48) at 1.

On May 24, 2023, the court, addressing the defendants' motions collectively, granted in part and denied in part the defendants' motions. Memorandum Opinion and Order at 1-2. The court granted the defendants' motions to dismiss for failure to state a claim for relief as to: (1) the part of the plaintiffs' 29 U.S.C. § 1132(a)(1)(B)

claim where they sought to recover benefits based on the defendants' alleged lack of full and fair review; and (2) the entirety of the plaintiffs' section 1132(a)(3) claim. *Id.* at 2. The court denied the defendants' motions as to the remaining parts of the plaintiffs' section 1132(a)(1)(B) claim. *Id.*

On June 21, 2023, the defendants filed their joint motion requesting that the court reconsider or, in the alternative, alter or amend its order under Federal Rules of Civil Procedure 54(b) and 59(e), because: (1) the court concluded that the terms of the Summary Plan Description (the "SPD") were not part of the plan documents and, consequently, did not consider the defendants' citations to the SPD when concluding that the plaintiffs alleged sufficient facts to state a claim for relief under section 1132(a)(1)(B); and (2) the court's decision not to consider the SPD was "clear and manifest error" because the plan specifically includes the "Health Plan" which in turn "explicitly incorporates the SPD by reference." Motion at 1-2. The defendants argue that had the court considered the SPD's terms, it would have concluded that "the [p]lan documents do not provide coverage for the services at issue" and, therefore, the plaintiffs failed to state a claim for relief. *Id.* at 2.

On July 12, 2023, the plaintiffs filed their response. *See* Response to Defendants' Joint Motion to Reconsider (docket entry 60). On July 26, 2023, the defendants filed their reply. *See* Defendants' Reply in Support of their Joint Motion to Reconsider or, Alternatively, Alter or Amend Order Partially Denying Defendants'

Rule 12(b)(6) Motions to Dismiss (docket entry 62). The joint motion is now ripe for decision.

## II.  ANALYSIS

### A.  Legal Standard

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration[.]" *St. Paul Mercury Insurance Company v. Fair Grounds Corporation*, 123 F.3d 336, 339 (5th Cir. 1997). Courts do, however, rule on motions for reconsideration under Rules 54(b) and 59(e). See *Rotella v. Mid-Continent Casualty Company*, No. 3:08-CV-0486-G, 2010 WL 1330449, at *5 (N.D. Tex. Apr. 5, 2010) (Fish, J.). A request that the court reconsider an interlocutory order falls under Rule 54(b), whereas Rule 59(e) applies to motions to alter or amend a final judgment. See *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017); *see also* FED. R. CIV. P. 54(b). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.). Further, even though the standard for evaluating a

motion to reconsider under Rule 54(b) "would appear to be less exacting than that imposed by Rules 59 and 60 . . ., considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* For a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

In this case, the defendants' motion attempts to establish that the court should reconsider an interlocutory order, not alter or amend a final judgment. The court, therefore, will treat the defendants' motion as only a motion for reconsideration under Federal Rule of Civil Procedure 54(b).

## B. Application

The defendants have failed to establish a reason why the court should reconsider its May 23, 2023, memorandum opinion and order. The defendants' motion rests on the argument that the court's "exclusion of the SPD from consideration of the [p]lan documents in deciding [the defendants' motions] is a manifest error," and the court's denial of the defendants' motions to dismiss the plaintiffs' "Section 1132(a)(1)(B) claim for benefits should be reconsidered in light of the SPD's provisions." Motion at 4. That is because, according to the defendants, the plan "includes and incorporates the Health Plan" and the "Health Plan then

*Insurance Company of America*, 820 F.3d 132 (5th Cir. 2016); one unpublished Fifth Circuit opinion, *Crawford v. Metropolitan Life Insurance Company*, 756 Fed. Appx. 350 (5th Cir. 2018) (per curiam); and one published, but only persuasive, First Circuit opinion, *Tetreault v. Reliance Standard Life Insurance Company*, 769 F.3d 49 (1st Cir. 2014). Motion at 5, 7-8. In *Burell*, the court stated that "[t]ypically, the terms of a SPD are not controlling unless the SPD is incorporated into the plan." 820 F.3d at 137. The court, however omitted any mention of the Supreme Court's decision in *Amara*, even though *Burell* came after *Amara*, and cited zero Fifth Circuit case law to support this proposition, only a Sixth Circuit case and a Tenth Circuit case. See *id.* (citing *Engleson v. Unum Life Insurance Company of America*, 723 F.3d 611, 620 (6th Cir. 2013), *cert. denied*, 571 U.S. 1174 (2014); *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1131-32 (10th Cir. 2011)). Accordingly, the court concludes that *Burell* is inapplicable as support for the defendants' argument that this court interpreted *Amara* incorrectly.

Regarding *Crawford*, the defendants cite to a footnote in the case that states: "At the outset, we note the parties have briefed the terms of the summary plan description, rather than the plan itself. But the plan makes the plan summary part of the plan here . . . Although we discuss the summary plan description, we are ultimately interpreting the plan." 756 Fed. Appx. at 353 n.2; *see also* Motion at 8. This footnote, however, does not support the defendants' proposition that an SPD,

- 7 -

which has been incorporated into the plan, can itself be legally binding. Rather, the court merely signals that in this specific case, both parties treated the SPD as the plan itself and only briefed the SPD's language, omitting the actual plan. The court, consequently, followed suit.

In fact, the defendants conveniently omitted the more crucial part of the *Crawford* court's opinion, where it stated:

> The Supreme Court has made clear that § 1132(a)(1)(B) focuses on rights under the terms of the plan and that *a plan summary is not the plan itself*. Thus, as we recently made clear, a beneficiary may not assert a claim based on a summary plan description under § 1132(a)(1)(B). We may consult summary plan descriptions as part of deciding what a plan means when that plan is ambiguous. But because *the Supreme Court has cautioned us against making the language of a plan summary legally binding*, we have no justification for . . . [making] it easier for a beneficiary to establish liability under § 1132(a)(1)(B) simply by pointing to a summary plan description rather than the plan.

*Id.* at 352-53 (internal quotation marks, citations, and brackets omitted) (emphasis added). As the *Crawford* court made clear, the Supreme Court prohibits the exact thing that the defendants in this case seek to do: make the SPD the plan itself and legally binding. See also *Manuel v. Turner Industries Group, L.L.C.*, 905 F.3d 859, 865 (5th Cir. 2018) ("[A]n SPD may not contain the contractual terms of a plan[.]"); *Fracalossi v. MoneyGram Pension Plan*, No. 3:17-CV-0336-X, 2021 WL 5505604, at *2 n.4 (N.D. Tex. Nov. 4, 2021) (Starr. J.) ("The Supreme Court has clarified . . . that

statements in a summary plan description communicate with beneficiaries *about* the plan, but . . . do not themselves constitute the *terms* of the plan.") (internal quotation marks and brackets omitted) (emphasis in original).

In *Amara*, the Supreme Court cautioned that if courts are able to enforce the terms of the SPD as the terms of the plan itself, plan administrators would have "the power to set plan terms indirectly by including them in the summary plan descriptions." 563 U.S. at 437. Were this court to interpret *Amara* in the way that the defendants encourage, this exact outcome would be likely: any plan could incorporate by reference the SPD (as the defendants have done here) and the plan administrator could then set terms indirectly by including them in the SPD, which would become the plan's terms. Here, should the terms that the defendants would like to enforce in the SPD also be in the plan itself, the defendants will have no issue enforcing these terms in the manner that the Supreme Court has set out. If the terms that the defendants would like to enforce in the SPD *are not* in the plan itself, then the court will be preventing the exact thing that the Supreme Court cautioned against. As such, the defendants' arguments in its motion fail under Rule 54(b).

## III.  CONCLUSION

For the reasons stated above, the defendants' motion is **DENIED**.

**SO ORDERED**.

September 18, 2023.

_____
**A. JOE FISH**
**Senior United States District Judge**